IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATHANIEL HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 10-00034-WS-N |
| ) | |
| TONY PATTERSON, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on respondent's answer and motion to dismiss (Doc. 10 ) filed April 29, 2010, wherein respondent sets forth, *inter alia*, that this court lacks authority to entertain the present petition filed by Nathaniel Harris ("Harris") under 28 U.S.C. § 2254 because Harris has failed to show that he obtained permission from the Eleventh Circuit prior to filing this successive habeas petition. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful consideration of all pertinent portions of this record, it is recommended that this action be dismissed for lack of jurisdiction due to petitioner's failure seek an order from the Eleventh Circuit Court of Appeals, pursuant 28 U.S.C. § 2244(b)(3)(A), which would allow him to file a successive petition.

Background.

1. On May 22, 1996, Harris was convicted by a jury of first degree robbery and second degree assault. On July 17, 1996, the trial court sentenced Harris as an

habitual offender to 25 years for the assault conviction and, on September 12, 1996, the trial court sentenced Harris to life without parole for the robbery conviction. (Answer, Doc. 10, Exhs. B, C).

2. Harris appealed his convictions to the Alabama Court of Criminal Appeals, raising three issues: (1) reversible error by denying defendant's *Batson* motion; (2) insufficient evidence to support convictions; and (3) reversible error with respect to the definition of reasonable doubt in the jury charge. (Answer, Doc. 10, Exh. C). The Alabama Court of Criminal Appeals affirmed Harris's robbery conviction on February 28, 1997 in a memorandum opinion. *Id.* On March 20, 1998, the Alabama Supreme Court denied Harris's petition for writ of certiorari and issued a certificate of judgment. *Id*. at Exh. C. The Alabama Court of Criminal Appeals affirmed Harris's assault conviction on May 2, 1997 in a memorandum opinion. *Id*. On March 20, 1998, the Alabama Supreme Court denied Harris's petition for writ of certiorari and issued a certificate of judgment. *Id*. at Exh. C.

3. On July 21, 2000, Harris filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was styled <u>Nathaniel Harris v. Charles Jones</u>, Civil Action No. 1:00-cv-00666-RV-M (S.D. Ala.). Harris raised a single claim that the indictments against him were void. On November 13, 2000, the Magistrate Judge recommended that the petition be denied *on the merits* based on the conclusion that the language of the indictments were sufficient to inform Harris of the charges he faced and,

therefore, were not void.[1]  *Id*. at Doc. 12. On December 15, 2000, the District Court adopted the recommendation, denied the petition and dismissed the action, entering judgment in favor of the respondent.  *Id.* at Docs. 13-14.  There is no indication that Harris ever appealed from this judgment.

      4.      Harris filed his present habeas petition pursuant to 28 U.S.C. § 2254 (doc. 1) on January 19, 2010.  Harris's sole claim in this petition is that he was "deprived of his Sixth Amendment right to counsel, when [counsel] deprived me of my right to testify at my trial."  Doc. 1 at 14.  Harris makes no mention of his first habeas petition filed in Civil Action No. 1:00-cv-00666-RV-M and there is no evidence of record that he has received permission from the Eleventh Circuit Court of Appeals to file a successive petition.

Discussion.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'."  Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999), *quoting* 28 U.S.C. § 2244(b)(3)(A), cert. denied, 528 U.S. 1085 (2000).  This

---

[1]There is no contention in this recommendation that the habeas petition was untimely or that Harris's claim was unexhausted at the time he filed this first federal habeas petition. According to the Answer filed by the Respondent in the case at bar, Harris filed two Rule 32 petitions for relief from conviction in the state court prior to filing his first federal habeas petition and two following dismissal of his first federal habeas on December 15, 2000. *See* Answer (doc. 10) at 2-5.

3

jurisdictional issue has more recently been confirmed in Turner v. Howerton, in which the Eleventh Circuit held:

> A state prisoner who wishes to file a second or successive federal habeas corpus petition is required to move the court of appeals for an order authorizing the district court to consider such a petition. *See* 28 U.S.C. 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir.2003) (per curiam).

196 Fed. Appx. 848, 852 (11th Cir. 2006). *See also* Parker v. Dinwiddie, 258 Fed. Appx. 200, 201 (10th Cir. 2007)("A district court does not have jurisdiction to address the merits of a second or successive petition until this court has granted the required authorization under 28 U.S.C. § 2244(b)(3)(A).").

Harris previously filed a petition for writ of habeas corpus in 2000 which was denied on the merits. Thus, the instant petition is a second, or successive petition filed without the required authorization. Consequently, it is recommended that this action be dismissed for lack of jurisdiction due to petitioner's failure seek an order from the Eleventh Circuit Court of Appeals, pursuant 28 U.S.C. § 2244(b)(3)(A) prior to filing a successive petition.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial

4

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see* Miller-EL v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant action, Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his second habeas petition; thus, this Court is without jurisdiction to consider his successive petition. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir.2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no

5

reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**DONE** this  7th  day of May, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within **[fourteen days]** [2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this   7th   day of May, 2010.

                                        **/s/ KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

7